```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Marcus L. Hardy,

    Plaintiff,

  v.                              Case No. 2:20-cv-4097

Commissioner of
Social Security,

    Defendant.

## OPINION AND ORDER

Plaintiff Marcus L. Hardy brings this action under 42 U.S.C. §405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability, disability insurance, and supplemental security income benefits. In a decision dated April 25, 2019, the administrative law judge ("ALJ") found that plaintiff has severe impairments consisting of remote history of gunshot wound in the right calf, with residual symptoms; remote left hand crush injury, with residual symptoms; depression; anxiety; post-traumatic stress disorder; and cannabis use disorder. PAGEID 68. The ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform physical work, with limitations. In regard to plaintiff's mental conditions, the ALJ stated that plaintiff:

> can perform simple routine tasks at an average pace without strict time or production demands; interact occasionally with others but work duties should not require him to work with large groups of unfamiliar members of the public (defined as 20 or more at one time); interaction should be limited to a straightforward exchanges of information without negotiation, persuasion or conflict resolution; and he can adapt to occasional changes in duties that are explained or demonstrated.

PAGEID 70. After considering the testimony of a vocational expert, the ALJ found that there are occupations in the national economy that plaintiff could perform, and that plaintiff is not disabled. PAGEID 80.

This matter is now before the court for consideration of plaintiff's August 16, 2021, objections to the August 2, 2021, report and recommendation of the magistrate judge recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); 42 U.S.C. § 405(g). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] ... presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)(internal citation omitted). A reviewing court will

affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). However, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

Plaintiff objects to the recommendation of the magistrate judge that the decision of the Commissioner should be affirmed. Plaintiff argued below that the ALJ did not adequately discuss the June 21, 2017, evaluation of Dr. Steven J. Meyer, Ph.D., a consulting psychologist. *See* PAGEID 374-379, Ex. 2F. The magistrate judge concluded that the ALJ gave sufficient reasons why she adopted only some of Dr. Meyer's recommendations. This court agrees with the analysis of the magistrate judge.

The claims in this case, which were filed after March 27, 2017, are governed by revised regulations concerning the evaluation of opinion evidence. The ALJ must consider and articulate how persuasive he or she finds all of the medical opinions in a claimant's case record based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict the opinion. 20 C.F.R. §404.1520c(b) and (c)(1)-(5). As supportability and consistency are the most

important factors, the ALJ must address them in evaluating the persuasiveness of medical opinions.  20 C.F.R. §404.1520c(b)(2). The ALJ may comment on the other factors but generally has no obligation to do so.  *See* 20 C.F.R. §404.1520c(b)(2)-(3).

Plaintiff correctly notes that the ALJ did not specifically mention the words "supportability" and "consistency" while discussing Dr. Meyer's opinions.  However, this failure does not necessarily mean that the ALJ did not consider these factors.  *See Hobbs v. Saul*, Civil Action No. 2:20cv00004, 2021 WL 1574421, at *10 (W.D. Va. April 22, 2021)(finding that the ALJ sufficiently addressed the consistency factor even though he did not use the term "consistency" in evaluating the expert's opinion).

The ALJ was aware of the applicable standards for reviewing the expert opinions in this case.  She observed in her decision that the medical opinions in this case were to be considered under the new medical evidence rules applicable to cases filed after March 27, 2017, and noted that she had "considered the medical opinion(s) ... in accordance with the requirements of 20 CFR 404.1520c[.]"  PAGEID 71, 75.  She summarized Dr. Meyer's report concerning his consultative examination of the plaintiff, in which Dr. Meyer diagnosed plaintiff with major depressive disorder, single episode, moderate and adjustment disorder, with anxiety. PAGEID 77.  The ALJ found that Dr. Meyer's opinions concerning plaintiff's limitations were not fully persuasive, agreeing with some but not all of his recommendations.  PAGEID 77.  The ALJ concluded that plaintiff should be limited, more restrictively, to only simple routine tasks, whereas Dr. Meyer would have limited him to simple and moderately complex routine instructions and tasks.

PAGEID 78.  The ALJ also adopted Dr. Meyer's proposed limitations regarding a low stress work setting by restricting plaintiff to simple routine tasks at an average pace without strict time or production demands, and occasional changes in duties that are explained or demonstrated.  PAGEID 70, 78.

The focus of plaintiff's objections is on the ALJ's disagreement with Dr. Meyer's opinion that plaintiff could not manage even minimal social demands in an ordinary work setting without serious increases in psychological distress and adaptive limitations.  PAGEID 78.  The ALJ stated, "While I have established significant social limitations in the mental residual functional capacity above, they are not as limiting as the limitations established by Dr. Meyer, which suggested the claimant was incapable of any socialization in the workplace."  PAGEID 78. Plaintiff's RFC restricted him to only occasional interaction with others, involving only a straightforward exchange of information, with no duties which would require him to work with large groups of unfamiliar members of the public (the last accommodation addressed plaintiff's hearing testimony, specifically noted by the ALJ, that big crowds bothered him).  PAGEID 69, 70.  However, plaintiff argues that the ALJ failed to adequately analyze the supportability and consistency of Dr. Meyer's proposed social interaction limitation.  The court concludes that the ALJ's explanation for finding unpersuasive this branch of Dr. Meyer's opinion and her discussion of the evidence elsewhere in her decision[1] adequately

---

[1] Review of an ALJ's explanation for rejecting an expert opinion need not be confined to a single paragraph. *Parkinson v. Comm'r of Soc. Sec.*, No. 2:19-cv-5051, 2020 WL 5875870, at *2 (S.D. Ohio Oct. 2, 2020); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528,

address the issues of supportability and consistency.

"'Supportability' means '[t]he extent to which a medical source's opinion is supported by relevant objective medical evidence and the source's supporting explanation.'" *Hobbs*, 2021 WL 1574421, at *8, n. 7 (quoting Revisions to Rules, 82 Fed. Reg. at 5853. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) ... the more persuasive the medical opinions ... will be." 20 C.F.R. §404.1520c(c)(1).

Relevant to supportability, the ALJ observed that Dr. Meyer's opinion was "the result of his own observations, clinical interview, and mental status evaluation." PAGEID 78. After noting Dr. Meyer's conclusion that plaintiff could not manage even minimal social demands in an ordinary work setting, the ALJ pointed out that plaintiff was able to interact effectively with Dr. Meyer. PAGEID 78. The ALJ cited information (which was contained in Dr. Meyer's report) that plaintiff was able to socialize with family and to see his children, and that plaintiff had not sought mental health counseling or taken any medication for his psychological impairments prior to his consultation with Dr. Meyer. Thus, the ALJ implicitly observed that Dr. Meyer's proposed social functioning limitation was not supported by information in his report and his own observations of plaintiff's behavior during the evaluation.

Elsewhere in her decision, the ALJ stated that plaintiff's failure to seek any treatment for his alleged mental impairments

---

535 (6th Cir. 2001)(review of the Commissioner's findings must be based on the record as a whole).

until September, 2017, "suggests that the claimant's symptoms were tolerable and not as severe as he has alleged." PAGEID 74. The ALJ also indicated that after plaintiff sought mental health treatment in September, 2017, the progress notes of that treatment reported that there was significant improvement in his symptoms with medications, and showed that plaintiff was able to interact effectively with his treating psychological sources. PAGEID 78. This medical evidence further undermines the supportability of Dr. Meyer's opinion concerning plaintiff's ability to manage minimal social demands.

The ALJ's comments also adequately addressed the issue of consistency. "'Consistency'" denotes 'the extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim.'" *Hobbs*, 2021 WL 1574421, at *8, n. 7 (quoting Revisions to Rules, 82 Fed. Reg. at 5853). "The more consistent a medical opinion[] ... is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[] ... will be. 20 C.F.R. §404.1520c(c)(2).

The ALJ discussed evidence, including medical treatment records and plaintiff's hearing testimony, which was inconsistent with Dr. Meyer's opinion regarding plaintiff's inability to manage even minimal social demands. The ALJ noted that: plaintiff was able to interact effectively with Dr. Meyer, his treating mental health sources, and Dr. Whitehead, a consultative physician; plaintiff presented at the hearing with no observable social difficulty, showing no aberrant behaviors or oddities in his mannerisms, and did not have any problems interacting with the other participants or answering questions; plaintiff acknowledged

7

his ability to socialize with family, to shop in stores, to run errands on his own, to use the bus, and to care for his children; plaintiff enjoyed spending time with his daughters and recently attended one of his daughter's school plays; plaintiff had not sought psychological treatment or taken medication for his mental health conditions until September, 2017, after Dr. Meyer's evaluation; and progress notes concerning his mental health treatment reported significant improvement of plaintiff's symptoms with medications. PAGEID 69-70, 74, 78. The ALJ observed that plaintiff "has not generally received the type of medical treatment one would expect for a totally disabled individual" and that plaintiff's failure to seek any treatment for his alleged mental impairments until September, 2017, "suggests that the claimant's symptoms were tolerable and not as severe as he has alleged." PAGEID 74.

The ALJ's decision demonstrates that she considered the factors of supportability and consistency in evaluating Dr. Meyer's opinions. Her decision is sufficient to permit this court to review the ALJ's evaluation of those factors. The ALJ's decision substantially complied with the requirements of §404.1520c, and her failure to specifically use the terms "supportability" and "consistency" in her analysis, even if error, was harmless. The court concludes that the ALJ's decision to reject Dr. Meyer's opinion that plaintiff could not manage even minimal social demands in an ordinary work setting is supported by substantial evidence, and plaintiff's objections are not well taken.

III. Conclusion

For the reasons stated above, the court overrules the plaintiff's objections (Doc. 21), and adopts and affirms the

magistrate judge's report and recommendation (Doc. 20). The decision of the Commissioner is affirmed, and the clerk is directed to enter final judgment in this case.

    It is so ordered.

Date: September 7, 2021             s/James L. Graham
                                        James L. Graham
                                        United States District Judge